# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RAPHAEL HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV548 SNLJ |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Raphael Hayes for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for injunctive and monetary relief. Named as defendants are the State of Missouri, Stanton Parker (Officer, St. Louis Metropolitan Police Department), Latricia Allen (same), Laureen Lamczyk (same), and Stayton Corey (same).

The complaint is largely incoherent. Plaintiff alleges that "the police's 'person'" coerced him into confessing to a crime which he did not commit. Plaintiff further alleges that the police took his bodily fluids and violated his "right to meet quota." It is unclear to what extent defendants may have participated in these events.

## Discussion

The complaint is frivolous because it is conclusory and fails to allege any facts that, which if proved, would entitle plaintiff to relief.

A state is not a "person" under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). As a result, the complaint fails to state a claim upon which relief can be granted as to the State of Missouri.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff). In the instant action, plaintiff has not set forth any facts indicating that defendants Parker, Allen, Lamczyk, or Corey were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  2nd   day of April, 2010.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE